

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x
SOLOMON R. HUNT,

        Plaintiff,

    v.                          19-CV-570 (KAM)

SCOOTER STORE & REPAIR; 97 EUCLID,

        Defendants.
------------------------------------x
SOLOMON R. HUNT,

        Plaintiff,

    v.                          19-CV-613 (KAM)

97 REALTY LLC,

        Defendant.
------------------------------------x

**MEMORANDUM AND ORDER**

**MATSUMOTO, United States District Judge:**

        On January 22, 2019, *pro se* plaintiff Solomon R. Hunt ("Plaintiff") filed the above-captioned actions in the United States District Court for the Southern District of New York. The next day, Chief United States District Judge Colleen McMahon transferred these actions to this Court. The Court grants Plaintiff's requests to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and consolidates these actions exclusively for purposes of this Memorandum and Order. *See* Fed. R. Civ. P. 42(a) ("If actions before the court involve a common question of

1

law or fact, the court may . . . issue any . . . orders to avoid unnecessary cost or delay."). For the reasons set forth below, Plaintiff's claims are dismissed in part as duplicative, and in their entirety for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## Background

Plaintiff, who resides in Brooklyn, New York, brings these actions alleging that a scooter store located in Queens, New York, sold him a defective scooter battery that exploded in his apartment in Brooklyn, New York. (*See generally* 19-cv-570, ECF No. 2, Complaint, at 5.) Plaintiff further alleges that his apartment management company, 97 Euclid Realty, LLC, located in Brooklyn, New York, harassed and threatened him, shot pellets through his window, and sent him bills that he believes the company's insurance should have covered. (*See generally id.* at 5-6; 19-cv-613, ECF No. 2, Complaint, at 5-6.) As relief, Plaintiff seeks monetary damages. Plaintiff's second complaint, 19-cv-613, raises the same claims as the first.

## Standard of Review

Plaintiff is proceeding *in forma pauperis*, and the Court must therefore screen his complaint and dismiss his action if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28

2

U.S.C. § 1915(e)(2)(B). The Court is mindful that because Plaintiff is proceeding *pro se*, his pleadings should be liberally construed. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (quoting *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). Nonetheless, his complaint must still "plead sufficient facts to state a claim to relief that is plausible on its face." *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010) (internal citations and quotation marks omitted).

A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is not enough that a plaintiff "tender[] 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). In considering whether a complaint meets this standard, the Court assumes the truth of "all well-pleaded, nonconclusory factual allegations," though this tenet does not apply to legal conclusions. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft*, 556 U.S. 662).

Furthermore, "subject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). Thus, federal courts "have an independent

obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Id.; see also* Fed. R. Civ. P. 12(h)(3).

### Discussion

I. **Duplicative Action**

As an initial matter, the Court notes that Plaintiff's second complaint, filed at docket number 19-CV-613, is entirely duplicative of Plaintiff's first complaint, filed at docket number 19-CV-570. As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (noting that in exercising this discretion, federal courts must "consider the equities of the situation"). The Second Circuit has held that "plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Id.* at 139. In both actions, Plaintiff names "97 Euclid" as a defendant and alleges the same facts, including that his "landlord" (presumably, 97 Euclid) harassed him by making sexual threats, punching him in the face, and shooting pellets through his window. Plaintiff's complaint in *Hunt v. 97*

4

*Realty LLC*, No. 19-cv-613, is therefore dismissed as duplicative and without prejudice to the litigation pending before the Court in *Hunt v. Scooter Store & Repair et al.*, No. 19-cv-570.

## II. Subject-Matter Jurisdiction

The Court further finds that it lacks subject-matter jurisdiction over Plaintiff's claims. Title 28 U.S.C. Sections 1331 and 1332 contain the basic statutory grants of federal subject matter jurisdiction. Even liberally construing Plaintiff's allegations, there is no basis for the Court to conclude that it has subject matter jurisdiction.

*First*, Plaintiff has failed to establish federal question jurisdiction. "A plaintiff properly invokes § 1331 jurisdiction when [he] pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh*, 546 U.S. at 513 (citing *Bell v. Hood*, 327 U.S. 678, 681-85 (1946)). Plaintiff's allegations, if anything, only raise tort or product liability claims against defendants, which generally arise under state law. Although Plaintiff (in 19-cv-613) characterized his allegations as violations of his "civil rights," presumably in an attempt to state a claim under 42 U.S.C. § 1983, he does not allege any facts demonstrating that the challenged conduct by the named defendants constituted state action. *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) ("Because the United States Constitution regulates only the Government,

not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." (internal quotation marks omitted)). Without such allegations, Plaintiff's claim fails and cannot serve as the basis for federal question jurisdiction over either of his actions.

*Second*, Plaintiff has failed to establish diversity jurisdiction. "[A plaintiff] invokes § 1332 jurisdiction when [he] presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." *Arbaugh*, 546 U.S. at 513. This requires that there be "complete diversity, i.e., that each plaintiff's citizenship . . . be different from the citizenship of each defendant." *Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir. 2009). In this action, Plaintiff provides addresses for himself and each defendant in the Eastern District of New York. Without any allegations establishing or suggesting that the parties might be of diverse citizenship, the Court cannot conclude that there is complete diversity of citizenship in this action.

Because Plaintiff has failed to allege facts that would allow the Court to exercise jurisdiction over his actions, they must be dismissed pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

## Conclusion

In light of the foregoing, Plaintiff's complaints are dismissed without prejudice for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3), and Plaintiff's complaint in *Hunt v. 97 Realty LLC*, No. 19-cv-613, is further dismissed as duplicative. In light of plaintiff's *pro se* status, *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks omitted), however, he is granted leave to file an amended complaint within thirty (30) days of the date of this Memorandum and Order in *Hunt v. Scooter Store & Repair et al.*, No. 19-cv-570. Plaintiff may wish to consult an attorney to assist him with an amended complaint.

Should plaintiff decide to file an amended complaint, it must be submitted within the time frame specified in this Memorandum and Order, be captioned "Amended Complaint," and bear the docket number 19-cv-570.[1] Plaintiff is advised that the amended complaint will completely replace the original complaint, so Plaintiff must include in it any allegations he wishes to pursue against the defendants. This includes any allegations he wishes the Court to consider from either of the complaints he filed, although these appear, in sum and substance, to be identical. In accordance with this Memorandum

---

[1] Plaintiff should not file any document bearing the caption number 19-cv-613, as the corresponding action has been separately dismissed as duplicative of 19-cv-570.

7

and Order, Plaintiff must also allege facts that would allow the Court to exercise subject-matter jurisdiction over his action.

If Plaintiff fails to file an amended complaint within thirty (30) days of this Memorandum and Order or show good cause why he cannot comply, the Court shall direct the Clerk of Court to enter judgment dismissing this action and close this case. The Clerk of Court is respectfully directed to dismiss the action, 19-cv-613, serve a copy of this Memorandum and Order on *pro se* Plaintiff and to note service on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any *in forma pauperis* appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: November 18, 2019
Brooklyn, New York

/s/ USDJ KIYO A. MATSUMOTO
Hon. Kiyo A. Matsumoto
United States District Judge